STATE EX REL. FRED L. GIUSTI *v.* FRANK F. BARBINO
ET AL.

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued January 6—decision released January 20, 1976

*John F. Phelan,* assistant corporation counsel, for the appellants (defendants).

*Anthony F. DiFabio, Jr.,* for the appellee (plaintiff).

PER CURIAM.   This quo warranto action was brought at the relation of Fred L. Giusti in his capacity as minority leader of the board of aldermen of the city of Waterbury claiming that the defendants had been appointed to municipal boards of the city in contravention of the provisions of chapter 21, article 5, § 2152 of the charter of the city.[1]   Spec. Acts 1947, No. 108, § 2.

On January 7, 1974, Giusti, as minority leader of the board of aldermen, submitted to the mayor,

[1] "Notwithstanding any other provision of the charter of the city of Waterbury, the mayor of said city shall make no appointment of a minority member of any board for which provision is made in said charter to be filled by appointment by the mayor except from a list of those eligible for appointment submitted to him by said minority leader of the board of aldermen.  The mayor shall notify said minority leader of the time or dates for the making of all appointments of such minority members, and the minority leader

Victor A. Mambruno, a list of names of persons eligible for minority party appointment to several municipal boards including five names for consideration for appointment to the board of finance, two names for aldermanic representation, six names for the board of public assistance, twelve names for the board of public works, two names for the board of zoning appeals, three names for the commission on aging, two names for the civil service commission, four names for the fire board, eight names for the police board, and three names for the zoning commission. Specifically, Giusti submitted the name of defendant Frank F. Barbino for appointment to the zoning commission, the name of defendant David D. Beatty for the board of finance, and the name of defendant Frank J. Matlega for the police board. The mayor appointed Barbino and Beatty to the board of public assistance and Matlega to the board of fire commissioners. Basically, it is the claim of the defendants and of the mayor that he may disregard the precise board to which the minority leader submitted a name eligible for appointment and that it is a sufficient compliance with the provisions of the city charter if the person appointed was named by the minority leader on any list of persons eligible for an appointment—regardless of the specific board to which an appointment was nominated by the minority leader.

The trial court found the issues for the plaintiff and adjudged that the defendants be ousted

shall thereupon and prior to the time for making such appointments, submit to the mayor a list of those whom he shall select as eligible for such appointments which shall be made up of not less than twice the number to be appointed. No minority member of any such board shall be eligible to act as such unless his name shall be one of those listed by such minority leader in accordance with the provisions hereof."

from their respective offices. A paragraph from its memorandum of decision well expresses the reasons for its decision: "It would be a distortion of the salutary purpose of the charter provision involved to adopt the construction advocated by the defendants. A person suitable as an appointee to one agency may be entirely unqualified to serve in some other capacity. The evident purpose of this provision of the charter is to impose a serious responsibility upon the minority leader in selecting the names he submits for each appointment. He could hardly fulfill that responsibility if his nomination for one board could be so easily transformed into a nomination for some other board. If partisan politics is to work effectively in the public interest the minority leader must accept responsibility for the persons whose appointment he proposes, but he cannot be held responsible if a person he selects for a police commissioner is given a position on the board of finance. The language of the charter provision is consistent with this view. The list submitted is to be made up of those whom the minority leader 'shall select as eligible for such appointments.' Obviously a designation of a person as eligible for one position cannot be taken as an indication that he is eligible for some different office."

We agree with this conclusion of the trial court. There is no error.